**MING XIAN LIN, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 05–6842–ag.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

404

---

Ming Xian Lin, pro se, New York, New York, for Petitioner.

Jeffrey A. Taylor, United States Attorney; Madelyn E. Johnson, Mercedeh Momeni, Assistant United States Attorneys for the District of Columbia, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Ming Xian Lin, a native and citizen of the People's Republic of China, seeks review of an order of the BIA affirming the July 6, 2004 decision of Immigration Judge ("IJ") Alan L. Page, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Xian Lin*, No. A79 682 460 (B.I.A. Dec. 1, 2005), *aff'g* No. A79 682 460 (Immig. Ct. New York July 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ We find that substantial evidence supports the agency's determination that Lin failed to establish asylum eligibility based on past persecution or a well-founded fear of future persecution. Lin based his claim of past persecution on his mother's arrest and detention. Other than quarreling with the police, Lin had no interactions with the authorities, so he could not establish past persecution as a basis for asylum. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 n. 2 (2d Cir.1999) (persecution of close family member does not form basis for finding of past persecution).

■ We also find that substantial evidence supports the agency's finding that Lin failed to establish asylum eligibility based on a well-founded fear of future persecution which requires that an applicant show a subjective fear of persecution and that this fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). In this case, the agency found that Lin did not show that his fear was objectively reasonable. The agency reasonably relied on Lin's family's continued well-being as practicing Christians in China and on the failure of his father's letter to provide that Lin was wanted by the authorities, to find that Lin failed to establish the objective reasonableness of his fear. *See Melgar de Torres*, 191 F.3d at 313 (where asylum applicant's similarly situated family members remain in the applicant's native country unharmed, claim of well-founded fear is diminished).

■ As Lin did not meet his burden of proof as to an objective likelihood of

persecution sufficient to support his asylum claim, Lin was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because Lin failed to present any argument addressing the agency's denial of CAT relief, we deem any such argument waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).